UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>WILLIAM TISDOL | Crim. No. 3:20-cr-264 (JBA)<br><br>April 26, 2023 |

## RULING CLARIFYING SENTENCE

Defendant William Tisdol seeks an order from this Court confirming that his federal sentence is meant to run concurrently with his state sentence. (Def.'s Mot. for Clarification [Doc. # 67]; Def.'s Mot. for Sentence Reduction [Doc. # 74] at 1.) Defendant was charged with possession of a firearm with an obliterated serial number in the above captioned case on December 29, 2020 and pled guilty on July 7, 2021. At sentencing, Defendant sought a concurrent sentence with his to-be-imposed state sentence based on 5G1.3, Application Note 4(D), governing "complex situations" in which a court is faced with a defendant subject to multiple undischarged terms of imprisonment, and giving the court discretion to structure the sentence to run in any appropriate manner to achieve a reasonable punishment for the instant offense, including by making it either consecutive or concurrent. (Sentencing Tr. [Doc. # 70] at 11.) The Government maintained at sentencing that Application Note 4(D) would not apply. (*Id.* at 31.) The Court sentenced Defendant to 18 months incarceration and three years of supervised release, with "credit to be given for time served," but stated that "I am not going to make any statement about [whether] this sentence is concurrent or consecutive to any other sentence. I leave it as it is and I leave other [c]ourts if they choose to designate their sentences as concurrent or consecutive to this sentence." (*Id.* at 35, 38-39.) Defendant filed an appeal, arguing that it was error for the Court not to specify whether his federal sentence should have run concurrently with the state sentence. *United States v. Tisdol,* 21-cr-2667.

Separately, Defendant was also indicted for conspiracy to transport and possess stolen property in 3:20-cr-158-VLB on September 15, 2020, to which he pled guilty on May 14, 2021. (Def.'s Mot. for Clarification at 2.) He was sentenced to six months of imprisonment, to run consecutive to any unsentenced charge, before his sentencing in the above captioned case. On November 22, 2021, Defendant was also sentenced in state court on a charge of carrying a pistol without a permit to two years imprisonment. The Government represents that his state sentencing transcripts "clearly indicated" that his state sentence was ordered to run concurrently with his federal sentences. (Def.'s Mot. for Clarification at 1); (*United States v. Tisdol,* 21-2667, February 17, 2023 Letter from the United States Attorney Re: William Tisdol, [Doc. # 90] n. 1.) After his state court sentencing in November 2021, the state retained custody of Defendant until he finished serving his two-year state sentence in November 2022. (*Id.* at 2.) During this time, Defendant moved for clarification that his sentence be designated as running concurrently and to be transferred to federal custody. (Def.'s Mot. for Clarification.) The Government opposed the clarification because it argued that under the presumption in 18 U.S.C. § 3584(a), his sentences would run consecutively unless otherwise stated in the Court's order of judgment. (Gov't's Opp'n [Doc. # 68].) Defendant, however, maintained that the Court had taken no position on either consecutive or concurrent designations and instead reserved on the issue, leaving it open to subsequent issue clarification. (Def.'s Reply [Doc. # 69].)

In November 2022, Defendant was transferred to BOP custody to serve two federal sentences—the 18 months issued by this Court, and a six-month sentence in 20-cr-00158-VLB that was ordered to run consecutively with any other sentence either already imposed or imposed after sentencing. (Def.'s Mot. for Reduction of Sentence at 3.) The BOP determined that absent this Court's indication otherwise, his sentence would be considered consecutive, making his release date 7/30/2024. (*Id.*) On February 17, 2023, the U.S. Attorney's Office sent the court a letter notifying the Court that the state court had ordered

2

that his two-year state sentence run concurrently with the previously imposed federal sentences. Based on review of the state court materials and in preparation of its appellate brief, the Government represented that it "has determined that the presumption of consecutive sentences . . . does not apply here." (February 17, 2023 Letter at 2.) The Government stated that "[s]ince this Court determined that Defendant's federal and state sentences should relate in the manner later specified by the state court, and since the state court clearly intended Defendant's state and federal sentences to run concurrently," the U.S. Attorney's office had asked the BOP to credit Defendant for time spent in his state sentence. (*Id.*) The BOP advised that it was required to presume that the federal sentence ran consecutively absent any statement otherwise from the Court, but that it could seek guidance from the Court in making its determination. (*Id.*) Thus, the U.S. Attorney's Office asked that this Court clarify that the sentence should run concurrently based on the state court's designation of his state court sentence as running concurrently with the federal sentence, and represented that upon this indication, the BOP would credit the state service time towards the federal sentence. (*Id.*) In this instance, the only time left to serve would be the consecutive sentence in the case 20-cr-158, and his release date would be in May 2023.

The Second Circuit affirmed Defendant's sentence because it found that the Court had discretion to forebear the issuance of a determination that the sentence should be concurrent or consecutive under *Sester v. United States,* 566 U.S. 231 (2012), and it was justified in doing so in this case based on the "significant uncertainty about the likely disposition of the state cases" at the time of the sentencing. *United States v. Tisdol*, 21-2667, Summary Order [Doc. # 94-1] at 2. The Second Circuit "note[d]" the letter from the U.S. Attorney's Office stating its position that the sentence should run concurrently, and that it was "confident" the Court would give the letter "its careful and prompt attention." *Id.*

Defendant subsequently filed a motion for sentence reduction requesting that the Court reduce his term of imprisonment under 18 U.S.C. 3582(c)(1)(A)(i) because, among

3

other things, Defendant argued it did not appear the Court intended for him to serve multiple consecutive prison terms. (Def.'s Mot. for Sentence Reduction at 5.) The Government did not oppose his release in May 2023 but took the position that rather than a sentence reduction, the relief sought could be achieved by confirming the Court's intent that the sentences run concurrently in response to its February 17, 2023 letter. (Gov't's Response to Mot. for Sentence Reduction [Doc. # 76] at 1.) Defendant concurred with the Government's position on this issue. (Def.'s Reply [Doc. # 77].)

The Court now clarifies that when sentencing Defendant William Tisdol on October 8, 2021, it exercised its discretion under *Sester v. United States,* 566 U.S. 231 (2012), to forebear issuance of an anticipatory consecutive or concurrent sentence based on inadequate information regarding the resolution of his state case and intending that the state court's designation of consecutive or concurrent would apply to this case as well. Now that the state has made that determination, the Court confirms that based on the state court's designation the sentences shall run concurrently, Defendant shall receive credit for time served on his state sentence towards his sentence in the above-captioned case.

Accordingly, his motion for sentence clarification [Doc. # 67] is GRANTED as stated above, and his motion for sentence reduction [Doc. # 74] is DENIED as moot.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 26th day of April 2023.